Filed 3/27/15  P. v. Yost CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062026 |
| v. | (Super.Ct.No. FVI1301593) |
| MICHELLE YVONNE YOST, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Michelle Yvonne Yost was charged by felony complaint with corporal injury to a spouse/cohabitant. (Pen. Code,[1] § 273.5, subd. (a), count 1.) On August 5, 2013, she entered a plea agreement and pled guilty. In accordance with the plea agreement, the court placed her on probation for a period of 36 months under specified terms. On August 20, 2013, a petition to revoke defendant's probation was filed, alleging that she was found at the victim's residence and refused to leave, despite knowing there was a restraining order. The petition also alleged that defendant failed to report to her probation officer as ordered, and that she failed to comply with her probation officer's reasonable directives. On October 22, 2013, the court found defendant mentally incompetent, and it suspended the criminal proceedings. The court ordered her to be placed in a recovery program for 90 days. The court subsequently found her competent and reinstated the proceedings. At that time, defendant admitted the allegation that she disobeyed the court restraining order. The court reinstated her on probation. Thereafter, a second petition to revoke defendant's probation was filed, alleging that she failed to report to her probation officer as ordered and failed to follow all reasonable directives. A probation revocation hearing was held, after which the court found her in violation of her probation, revoked probation, and sentenced her to three years in state prison.

Defendant filed a timely notice of appeal. We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

## PROCEDURAL BACKGROUND

It was alleged that defendant violated her probation by failing to report to her probation officer as ordered and failing to follow all reasonable directives of the probation officer. A probation violation hearing was held on August 19, 2014. Defendant's probation officer testified that defendant was released from custody after her last violation on February 18, 2014, and that she had not reported to probation since then. The records indicated that she did not report until she was arrested on a bench warrant that was issued on March 20, 2014. He also testified that she had not complied with any terms of her probation.

## DISCUSSION

Defendant appealed and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which she has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.

4